[Cite as *State v. Adams*, 2016-Ohio-893.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0008 |
| VS. | ) | |
| | ) | OPINION |
| JEREMY ADAMS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 12 CR 863

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee

Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant County Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant

Attorney Joseph Messuri
23 Lisbon Street, Suite K
Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 4, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Jeremy Adams appeals the judgment of the Mahoning County Court of Common Pleas, finding that Adams had violated the terms of his community control sanction and sentencing him accordingly. On appeal, Adams argues that the trial court erred by imposing consecutive sentences. The trial court made the required findings pursuant to R.C. 2929.14(C)(4), and there is evidence in the record supporting those findings. And contrary to Adams' contentions, the trial court was not required to provide reasons in support of its findings. Accordingly, the judgment of the trial court is affirmed.

{¶2} In 2012, Adams was indicted on one count of breaking and entering, R.C. 2911.13(A) and (C), and one count of theft, R.C. 2913.02(A)(1) and (B)(1)-(2), both fifth-degree felonies as a result of breaking into a garage and stealing tools and aluminum siding. Adams entered into a Crim.R. 11 plea agreement in which he pled guilty to the charges in the indictment and in exchange the State agreed to recommend a term of community control and restitution. The trial court accepted Adams' plea and later sentenced him to a jointly recommended three-year period of community control along with $250.00 in restitution.

{¶3} On January 14, 2014, Adams stipulated to violating his community control sanction. The trial court sentenced Adams to a 90-day jail term and ordered Adams to complete in-house treatment at the Community Corrections Association upon his release from jail. Approximately one year later, Adams stipulated to a second violation of his community control sanction. He had absconded from the CCA facility soon before he was to finish the treatment program. Following a hearing, the trial court sentenced Adams to nine months on the breaking and entering conviction and nine months on the theft conviction to be served consecutively. He was granted 241 days of jail-time credit. In addition, the trial court imposed a 3 year discretionary term of post-release control.

{¶4} In his sole assignment of error, Adams asserts:

The trial court abused its discretion when sentencing the Defendant-Appellant to consecutive terms of incarceration for a probation violation.

**{¶5}** This Court is currently split as to the standard of review to apply in felony sentencing cases. See *State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919, which applied the two-part test set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, and *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015–Ohio–1359, which applied R.C. 2953.08(G) and limiting appellate review of felony sentences to determining whether they are clearly and convincingly contrary to law. The issue is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. Regardless of which standard of review is applied here, the outcome is the same.

**{¶6}** Based on R.C. 2929.14(C)(4), a trial court is required to make three findings before imposing consecutive sentences: 1) consecutive sentences are necessary to protect the public from future crime or to punish the defendant; 2) consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; and 3) one of three alternative findings set out in subsections, namely that: a) the defendant was under post-release control, specified statutory community control, or awaiting trial or sentencing; b) the offenses were committed during a course of conduct and the harm was so great/unusual that a single term does not reflect the seriousness of the defendant's conduct; or c) the defendant's criminal history demonstrates the need to protect the public from future crime by the defendant. R.C. 2929.14(C)(4).

**{¶7}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, the Supreme Court of Ohio held that the findings supporting consecutive sentences must be made both at the sentencing hearing and in the entry. *Bonnell* at ¶ 37. However, a trial court need not state reasons to support its findings nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *see also Bonnell* at ¶37. Post-*Bonnell*, we may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings. *Bonnell* at ¶29. However, as demonstrated by the outcome in

*Bonnell*—the Supreme Court reversed and remanded Bonnell's sentence because the trial court failed to make a proportionality finding—there are limits to that deference. *Bonnell* at ¶ 33-34. After a reviewing court determines the findings have been made, the court "must also determine whether the record contains evidence in support of the trial court's findings." *State v. Correa*, 7th Dist. 13 MA 23, 2015-Ohio-3955, ¶ 76, citing *Bonnell* at ¶29.

**{¶8}** Here, the trial court made the following findings with regard to the imposition of consecutive sentences during the hearing:

> **THE COURT:** * * * I do so find that consecutive terms are necessary to protect the public and to punish the offender. They're not disproportionate to the harm that was caused.
>
> The Court finds that this was a probation violation; so the Defendant was under a sanction. His criminal history shows that consecutive terms are needed to protect the public, and because he was on a court-ordered vacation at the CCA as opposed to being the penitentiary, the harm as viewed by this Court indicates that a single term would not adequately reflect the seriousness of the offender's conduct. The Court further notes that it's less than the time that I promised him if he violated.[1] So those are the reasons that I'm imposing a consecutive sentence.

**{¶9}** The trial court stated the following in its sentencing entry:

> Pursuant to O.R.C. 2929.14(C)(4), the Court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the

---

[1] Earlier during the hearing the trial court noted to Adams that it had told him when imposing the probation that he would impose a two-year sentence if the terms were violated; however, Adams was sentenced to 18 months.

danger the offender poses to the public. Pursuant to O.R.C. 2929.14(C)(4)(c), the Court further finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Therefore, the sentences imposed on the charges in Breaking and Entering in Count One and Theft in Count Two are Ordered to be served consecutively to one another in the Department of Rehabilitations and Corrections.

{¶10} Adams argues that the trial court failed to give a reasonable explanation for the imposition of consecutive sentences. However, the sentencing court "has no obligation to state reasons to support its findings." *Bonnell* at ¶37. The findings made by the trial court comport with R.C. 2929.14(C)(4) and the record contains evidence in support of those findings. Adams was under a community control sanction and failed to respond favorably to sanctions, not once, but twice. The second time, he absconded from the CCA facility soon before he was to finish the treatment program. Accordingly, Adams' sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.